**GEOSEARCH, INC., Plaintiff,**

v.

**Cecil D. ANDRUS, Secretary of the Interior; Maxwell T. Lieurance, State Director, Wyoming State Office, Bureau of Land Management, Department of the Interior; Glenna M. Lane, Chief, Oil and Gas Section, Wyoming State Office, Bureau of Land Management; Carol Lee Griebling; R. K. Cramer; Cities Service Company; Hudson Dean; V. M. Minor Breecher; George W. Speer; Robert L. Haynie; T. J. Nance, as trustee under Holly Fay Haynie, Ann Meloy, and Samuel Teflian Trusts; Barbara A. Ryals; and Betty C. Cramer, Defendants.**

**No. C80–300K.**

United States District Court,
D. Wyoming.

July 14, 1981.

Melvin E. Leslie, Salt Lake City, Utah, for plaintiff.

Francis Leland Pico, Asst. U. S. Atty., D. Wyoming, Cheyenne, Wyo., Kathryn A. Oberly and Margaret A. Weekes, Dept. of Justice, Washington, D. C., for defendants Cecil D. Andrus, Secretary of the Interior, Maxwell T. Lieurance, State Director, Wyoming State Office, Bureau of Land Management, Dept. of the Interior, and Glenna M. Lane, Chief, Oil and Gas Section, Wyoming State Office, Bureau of Land Management.

Morris R. Massey and Claude W. Martin of Brown, Drew, Apostolos, Massey & Sullivan, Casper, Wyo. and David B. Sonosky of Cities Service Co., Tulsa, Okl., for defendant Cities Service Co.

John A. Hutchings of Holm & Dill, P. C., Denver, Colo., and James H. Barrett of Trierweiler, Bayless, Barrett & McCartney, Cheyenne, Wyo., for defendants Betty C. Cramer, Barbara A. Ryals and V. M. Minor Breecher.

Richard L. Schrepferman of Holme, Roberts & Owen, Denver, Colo., and Carl L. Lathrop of Lathrop & Uchner, Cheyenne, Wyo., for defendants George W. Speer, Robert L. Haynie and T. J. Nance.

## MEMORANDUM OPINION

KERR, District Judge.

This case arises under the simultaneous oil and gas leasing system and the Mineral Leasing Act of 1920, as amended, 41 Stat. 437, 30 U.S.C. § 181, et seq.

Plaintiff Geosearch, Inc. (Geosearch) is an organization which sends standardized form letters to individuals who are second drawees in lotteries held by the Bureau of Land Management (BLM) under the simultaneous oil and gas leasing system. The applicants who are interested in obtaining a lease file drawing entry cards (DEC's) with the appropriate BLM office. Pursuant to the regulations, BLM draws three DEC's for each parcel to be leased. Assuming that the first DEC is properly filled out and there are no apparent irregularities in the first offer, the lease is issued to the applicant. See 30 U.S.C. § 226(c). The second drawee has 30 days in which to appeal the impending issuance of the lease to the first drawee. The regulations state that the appeal period starts upon the return of the DEC's to the second and third drawees.

The letters sent out by Geosearch to the second drawees offer to search for any possible defects in the first offer. If a defect is discovered, Geosearch attempts to take appropriate action to vest the lease in the second drawee. In return for its services, Geosearch retains a percentage in any leases so acquired.

The current action is virtually the same as the other actions brought by Geosearch in this court. See *Geosearch, Inc. v. Andrus*, 508 F.Supp. 839 (D.C.Wyo.1981).

Defendants Andrus, Lieurance, Lane and Cities Service Company have filed Motions to Dismiss. Andrus, Lieurance and Lane are all sued in their capacity as federal employees working with the oil and gas leasing system. Cities Service is an assignee on one of the three leases involved in this action.

The threshold question to be considered by this Court is simply stated: Does Geosearch have standing to bring this lawsuit? After a complete and thorough examination of the applicable law, the question must be answered in the negative.

When the issue of standing is raised, Geosearch as plaintiff must establish that it has an injury in fact that is likely to be re-

dressed by a favorable decision of the Court. *Duke Power Co. v. Carolina Env. Study Group, Inc.*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Citizens Concerned For Separation Of Church And State*, 628 F.2d 1289 (10th Cir. 1980).

Lease W–61207 was drawn in the September, 1977 lottery. The lease was issued and effective on December 1, 1977 and was assigned to R. K. Cramer the same day. Cities Service became an assignee on February 1, 1978. Both assignments were approved by the BLM. Geosearch purchased the interest of the second drawee on August 6, 1979. On October 5, 1979, 22 months after the issuance of the lease, Geosearch filed a protest with the BLM regarding the issuance of the lease.

Lease W–63721 was issued effective July 1, 1978. Geosearch filed a protest regarding the issuance of the lease on October 15, 1979, some 15 months later.

Lease W–67667 was issued on June 1, 1979. Geosearch filed a protest regarding the issuance of the lease on October 15, 1979, some 5 months later.

With the exception of Lease W–61207, the records do not reflect when the DEC's were returned. The second and third DEC's were returned for Lease W–61207 on June 22, 1979.

Geosearch lacks standing on all three leases. As an assignee, Geosearch can only acquire whatever interest the second drawee has to give.

In the case of Lease W–61207, any interest the second drawee had was extinguished 30 days after the DEC was returned and no appeal was filed.

More importantly, a close scrutiny and analysis of the statutes and regulations reveals that Geosearch has no injury in fact, regardless of whether or not the DEC's were returned in a timely fashion. A review of the pertinent regulations clearly establishes the fact that once the lease is issued the second drawee will not receive the lease regardless of what irregularities might have existed in the first offer. Assuming for a moment that this Court should

order that a lease be cancelled due to irregularities in the first offer, the regulations are clear regarding what is to be done with the lease. Three options are available: withdraw the land from leasing, put the lease up for competitive bid, or return the lease to the simultaneous system for another lottery. Specifically, 43 C.F.R. § 3112.- 1–1 provides in pertinent part:

Land in cancelled or relinquished leases or in leases which terminate by operation of law for non-payment of rental pursuant to 30 U.S.C. sec. 188, which are not withdrawn from leasing nor on a known geological structure of a producing oil and gas field shall be subject to the filing of new lease offers only after notation on the official record of the cancellation, relinquishment or termination of such lease and only in accordance with the provisions of this section.

Section 3112.6–3 of 43 C.F.R. plainly states that once a lease is issued and if the issuance is based upon an application·which should have been rejected, the lease is to be cancelled:

In the event a lease has been issued on the basis of an application or offer which properly should have been rejected or, if any interest in any lease is owned or controlled directly or indirectly in violation of any of the provisions of the Act or regulations in this title, action shall be taken to cancel the interest or lease unless the rights of a bona fide purchaser, as provided for in § 3108.3(c) of this title, intervene. The Government may take action to cancel regardless of whether information showing the application or offer was rejectable is obtained or was available before or after the lease was issued.

Thus, should any of the alleged irregularities claimed by Geosearch prove to be true, the lease involved would not go to the second drawee and Geosearch. Instead the lease would be withdrawn, put up for competitive bid, or placed back into the simultaneous system. In the current factual situation, the same result would accrue regardless of whether or not the DEC's were

returned by the BLM in a timely and appropriate manner. Because Geosearch cannot demonstrate any injury in fact, economic or otherwise, it totally lacks the standing to bring this lawsuit.

Furthermore, it is highly unreasonable for a party to send a DEC in to a September, 1977 lottery and then expect that he or she might have possibly acquired a right to a lease but received no notice of it for two years. Once the drawing is held, a list of all of the drawees is published and placed on a bulletin board in the BLM office. A mailing list also exists and for a small fee one can be placed on the list to receive notice of all of the drawees for the various parcels. If an individual were particularly concerned about a certain parcel, it would be simple to call the BLM and inquire about the parcel in question. To adopt the tactics used in the given case, i. e. to contest a lease 22 months after it has issued, not only is unreasonable, it has the potential to create mammoth instability in the oil and gas leasing system. Titles could never be cleared and leases would be constantly vulnerable to the type of attack launched here. Although justice and equity in the system are certainly laudable and worthy goals, throwing a wrench into the works in the form of accusations and innuendo in the hope of obtaining a lease is hardly the method to be used to achieve a fair and equitable system.

Judicial review by this Court is limited to the administrative record. *Roberts v. Morton*, 549 F.2d 158 (10th Cir. 1977), *cert. denied* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). See also *Hiatt Grain & Feed, Inc. v. Bergland*, 602 F.2d 929 (10th Cir. 1971).

A review of the record discloses that the BLM inquired of the first drawee about the irregularities which Geosearch alleges occurred. Denials of the allegations were submitted by the first drawees and Geosearch submitted no prima facie evidence to the contrary. The affidavit of Geosearch's attorney stating that he believes wrongdoing occurred does not rise above the level of innuendo and conjecture. It is hardly prima facie evidence. After a complete and thorough review of the record it is clear that the decision of the IBLA is neither arbitrary, capricious, an abuse of discretion, nor contrary to law.

This Memorandum Opinion constitutes the Findings of Fact and Conclusions of Law and further findings and conclusions are unnecessary.

Judgment will be entered in accordance with this Memorandum Opinion.